**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSHUA KRATZ,**<br>**Plaintiff,**<br><br>**v.**<br><br>**ARM STAFFING ,**<br>**Defendants.** | : **CIVIL ACTION**<br>:<br>: **No.**<br>:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Joshua Kratz (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant ARM Popcorn Manufacturing (hereinafter "ARM"), who has been harmed by disability discrimination as well as other improper conduct by ARM and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act, and the Pennsylvania Human Relation Act.

## II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to 29 U.S.C. 621, 28 U.S.C. §1331, 1332 and 1391, 2201, 2202, 1343 and the claim is substantively based on Family and Medical Leave Act.

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Allentown, Lehigh County, Pennsylvania.

## III. PARTIES

3. Plaintiff, Joshua Kratz, is an adult male citizen and resident of the Commonwealth of Pennsylvania.

4. ARMStaffing is a Business Corporation authorized to and conducting business under the laws of the Commonwealth of Pennsylvania, with its headquarters in Allentown, Lehigh County, Pennsylvania.

5. At all times relevant herein, Plaintiff was an "employee" as defined by the FMLA, and is protected by the provisions of the Act.

6. At all times relevant herein, Plaintiff was eligible and qualified for Family and Medical Leave Act, having worked for Defendant for more than one year, and more than 1250 hours per year.

7. At all times relevant herein, ARM was an "employer" as defined by the FMLA, and is subject to the provisions of the Acts.

8. At all times relevant hereto, ARM acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

9. At all times material hereto, ARM employed more than fifty employees within a seventy five mile radius.

## IV. CAUSES OF ACTION

10. Plaintiff was hired by Defendant, ARMStaffing (hereinafter "ARM"), in Defendant's Bethlehem, Pennsylvania facility in or about 2021.

11. Beginning on or about January 2026 and continuing through March 2026, Plaintiff requested and was granted protected leave under the FMLA.

12. When he returned, Mr. Kratz noted that his on-line payroll records reflected that paid time off had continued to accrue during his period of leave, as required under 29 CFR § 825.209(h).

13. He confirmed this fact with Gina Morris, Director of Onboarding and Compliances, who agreed that his records reflected this accrual.

14. Approximately a week later, he noticed that the accrual had been deleted.

15. He therefore asked Human Resources Manager, Marjorie Vargo, what had happened.

16. Ms Vargo accused Plaintiff of "imagining" that the accrual had ever been there.

17. Mr. Kratz therefore escalated the matter to Deb Otto, Senior Director of Operations, who promised to "look into it."

18. On April 16, 2026, Otto and Morris informed Mr. Kratz that he was not entitled to accrual while on FMLA.

19. Under the policies in place at ARM, PTO accrues for all other forms of leave within ARM.

20. Under 29 CFR § 825.209(h)

> An employee's entitlement to benefits other than group health benefits during a period of FMLA leave (e.g., holiday pay) is to be determined by the employer's established policy for providing such benefits when the employee is on other forms of leave (paid or unpaid, as appropriate)

21. When Morris and Otto claimed that he was not entitled to PTO accrual while on FMLA, Mr. Kratz expressed that this was "very upsetting," and that he "felt discriminated against."

22. At this point, Otto "went off on him," questioning his integrity, and asking him,

"where do we go from here"?

23. Mr. Kratz responded that he just wanted to continue doing his job.

24. On June 15, Otto and Morris informed Plaintiff that his job was being "eliminated."

25. During his tenure with ARM, Mr. Kratz knew that this statement was false, and that "job elimination" is commonly used by ARM management as a pretext to fire an employee who has become disfavored by management.

26. In fact, because of his position with ARM, he has been directed to used this pretext on others in the past.

27. Contrary to the assertion of "job elimination," ARM is continuously hiring, and Plaintiff believes and therefore avers that ARM hired someone to replace him within a month.

28. Mr. Kratz also knows that ARM has used the ploy of changing job titles to try to deflect claims of discrimination and wrongful termination.

29. On July 22, 2026, Plaintiff contacted ARM through counsel to assert the foregoing claims of interference with protected FMLA rights, and discrimination for making complaints of violation of the FMLA.

30. ARM has not responded in any way.

31. Plaintiff has suffered severe emotional distress, loss of back pay, front pay, and compensatory damages, as well as incurred attorney's fees and costs.

32. ARM was responsible and liable for the conduct of its principals, employees, and agents for interfering with Plaintiff's protected rights and discriminating against him for making a complaint of FMLA violation, and for failing to protect Plaintiff from

unlawful conduct.

33. As a direct result of the actions of ARM's supervisory employees, Plaintiff was deprived of his accrued and available benefits of employment upon his return from FMLA, and deprived of this employment with ARM in retaliation for making complaints of FMLA violations.

34. As a direct result of ARM's conduct, Plaintiff has been irrevocably damaged.

35. As a direct result of ARM 's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

36. As a direct result of ARM's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF v. ARM**
**VIOLATION OF THE FMLA –DISCRIMINATION**

37. Paragraphs 1 through 36 inclusive, are incorporated by reference as if fully set forth at length herein.

38. The pretextual termination of Plaintiff's employment in retaliation for exercising his protected rights and making complaints of interference is a violation of 29 C.F.R. § 825.220(c).

39. As a direct result of Defendants' willful and unlawful actions set forth herein, Plaintiff has sustained loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT II**
**PLAINTIFF v. ARM**
**VIOLATION OF THE FMLA - INTERFERENCE**

40. Paragraphs 1 through 39 inclusive, are incorporated by reference as if fully set forth at length herein.

41. The denial of accrued PTO was a violation of 29 CFR § 825.209(h).

42. This constitutes interference under the FMLA.

43. As a direct result of Defendants' willful and unlawful actions set forth herein, Plaintiff has sustained loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## V. PRAYER FOR RELIEF

44. Paragraphs 1 through 43 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claims;
b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;
c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent,

together with interest, resulting from ARM ' discriminatory and unlawful conduct;

d. Reinstate Plaintiff to his former position together with back pay and compensatory damages;

e. Award punitive and/or liquidated damages as may be permitted under law;

f. Award Plaintiff attorneys' fees and costs; and

g. Grant such other relief, as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By:/s/_*David L. Deratzian*________

DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff

Date: November 24, 2026